Michael W. Malter, Esq. (SBN 96533)
Julie H. Rome-Banks, Esq. (SBN 142364)
David B. Rao, Esq. (SBN 103147)
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: michael@bindermalter.com
Email: Julie@bindermalter.com
Email: david@bindermalter.com

Attorney for Secured Creditor
Thomas P. Tuttle and Catherine M. Tuttle, Trustees of the
Tuttle 2000 Living Trust dated 11/22/00

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| In re: | Case No.  18-50126-SLJ |
| ANN BATINOVICH, | Chapter 13 |
| | Date:<br>Time:<br>Courtroom: 3099 |
| Debtor. | |
| | R.S. No.: JHR-109 |

**DECLARATION OF THOMAS P. TUTTLE IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY, FOR ADEQUATE PROTECTION, OR IN THE ALTERNATIVE FOR DISMISSAL OF BANKRUPTCY CASE**

I, Thomas P. Tuttle, hereby declare:

1.      I am one of the Trustees of the Tuttle 2000 Living Trust dated 11/22/00, Movant herein.  I make this Declaration in support of the MOTION FOR RELIEF FROM AUTOMATIC STAY, FOR ADEQUATE PROTECTION, OR IN THE ALTERNATIVE FOR DISMISSAL OF BANKRUPTCY CASE ("Motion").

Case: 18-50126    Doc# 9-2    Filed: 01/24/18    Entered: 01/24/18 11:24:36    Page 1 of 44

2.      I have personal knowledge of the matters set forth herein, except as to those matters alleged upon information and belief and as to those matters I believe them to be true.  If called upon as a witness, I could and would testify as follows.

3.      The Debtor Ann Batinovich ("Debtor") filed a chapter 13 petition on January 19, 2018.  Said petition was filed by the Debtor *pro se* as a skeleton filing without schedules or a statement of financial affairs and without a proposed chapter 13 plan; none of these required pleadings has been filed as of the date of the filing of this Motion.  This is the second voluntary petition filed by the Debtor within one year.  The Debtor previously filed a chapter 13 petition as case #17-52709-SLJ (the "First Ann Batinovich Case")[1].  The First Ann Batinovich Case was dismissed by this Court following a hearing on Movant's motion for relief from stay or in the alternative for dismissal by Order effective on January 19, 2019 (docket #32).  The First Ann Batinovich Case was dismissed because the Debtor does did not qualify to be a debtor in chapter 13 pursuant to the secured debt limitations contained in 11 U.S.C. §109(e).

4.      Debtor's husband, Victor Batinovich, previously filed for bankruptcy protection in case numbers 17-52027 and 17-52444 (the "First and Second Victor Batinovich Cases" respectively).

5.      By way of background, the Debtor together with her husband Victor Batinovich hold title to the real property located at 3085 Paseo Vista Avenue, San Martin, California

---

[1] Movant was not initially provided with notice of the First Ann Batinovich Case and only became aware of the case because Movant's bankruptcy counsel anticipated a possible bankruptcy filing by the Debtor following the events described below regarding the termination of the automatic stay in the Second Victor Batinovich Case. Therefore counsel for Movant was routinely checking the PACER electronic docket before Movant conducted its scheduled trustee's foreclosure sale scheduled for November 9, 2017 at 10:00 a.m. At approximately 8:40 a.m. on November 9, 2017, bankruptcy counsel for Movant discovered the First Ann Batinovich Case had been filed by searching for the name of the Debtor on PACER and as a result, instructed the foreclosing trustee to continue a foreclosure sale which would have otherwise occurred due to lack of notice of the bankruptcy case to Movant or to the foreclosing trustee under Movant's junior deed of trust described below.

TUTTLE DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY , FOR ADEQUATE PROTECTION, OR IN THE ALTERNATIVE FOR DISMISSAL
Page 2

Case: 18-50126   Doc# 9-2   Filed: 01/24/18   Entered: 01/24/18 11:24:36   Page 2 of 44

("Subject Property") as community property. Movant is informed and believes that the Subject Property is encumbered by the following voluntary and involuntary liens:

A. There is a general lien for secured property taxes owed to the County of Santa Clara. According to the website maintained by the County of Santa Clara Department of Tax and Collections, the total amount of the secured real property taxes (identified as APN 825-29-039) due is $12,748.24. The first installment of taxes for the Subject Property in the amount of $6,374.12 became due on November 1, 2017 and became delinquent after December 11, 2017. A true and correct copy of the 2017-2018 secured real property tax bill for the Subject Property is attached as Exhibit "A" to the Banks Declaration and is incorporated herein by reference (the Banks Declaration").

B. A first position deed of trust is held by Wells Fargo Bank, N.A. ("Wells Fargo"), in the original principal amount of $500,000.00 recorded on or about June 17, 2002. Wells Fargo has filed a proof of secured claim in this bankruptcy case which was assigned Claim No. 1 in the amount of $448,959.97. A true and correct copy of the Wells Fargo proof of claim is attached as Exhibit "B" to the Banks Declaration and is incorporated herein by reference. A notice of default was recorded on August 16, 2017 by Wells Fargo Bank, a true and correct copy of which is attached as Exhibit "C" to the Banks Declaration and is incorporated herein by reference.

C. A second position deed of trust for a loan is serviced by Seterus Inc. on behalf of beneficiary Federal National Mortgage Association (as assignee), in the original principal amount of $333,700.00 recorded on or about March 24, 2004. According to the bankruptcy schedules filed under oath in the Second Victor Batinovich Case, the balance currently owed on this secured claim is approximately $65,445.00. A true and correct copy of the Schedules A/B and D filed in the Second Victor Batinovich Case are collectively attached as Exhibit "D" to the Banks Declaration and are incorporated herein by reference. A notice of default was recorded on July 14, 2017 on behalf of the holder of the second deed of trust, a true and correct copy of which is attached as Exhibit "E" to the

TUTTLE DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY , FOR ADEQUATE PROTECTION, OR IN THE ALTERNATIVE FOR DISMISSAL
Page 3

Case: 18-50126    Doc# 9-2    Filed: 01/24/18    Entered: 01/24/18 11:24:36    Page 3 of 44

Banks Declaration and is incorporated herein by reference. Seterus has not filed a proof of claim in any of the bankruptcy cases as of the time of the filing of this Motion.

D.      A third position deed of trust is held by Movant and was recorded on March 11, 2015. Said deed of trust secures a Note Secured by A Deed of Trust executed by both the Debtor and Victor Batinovich dated March 4, 2015 in the original principal amount of $800,000.00. Said note was for a period of 24 months and provides for monthly interest only payments of $6,666.67 for a period of 23 months with a final payment due on April 1, 2017 of $806,666.67. The Debtor and Victor Batinovich represented under penalty of perjury to Movant that the purpose of said loan was to finance the business enterprise known as i2a Technologies, a corporation of which Victor Batinovich is the sole shareholder, CEO and member of the board of directors. True and correct copies of the Note, Deed of Trust and Certificate of Business Purpose of Loan executed by the Debtor and Victor Batinovich are attached hereto as Exhibits "A" through "C" respectively and are incorporated herein by reference (the "Tuttle Declaration"). No payment was ever made on this obligation (pre- or post-petition), hence no payment history exists. The Note Secured by Deed of Trust became fully matured pre-petition. The total amount currently due and owing to Movant under said Note Secured by Deed of Trust and deed of trust as of the Petition Date and as of December 29, 2017 is set forth in detail below as $1,166,874.07 as of December 31, 2017.

E.      A fourth position judgment lien is believed held by Wells Fargo Bank, N.A. As a material agreement to making said loan to the Debtor and Victor Batinovich, Movant also entered into a Subordination Agreement with Wells Fargo Bank, N.A. which was also recorded on March 11, 2015. The Subordination Agreement provided that the loan then being made by Movant (which became the third deed of trust) would be senior in priority to an Abstract of Judgment previously recorded on October 6, 2014 by Wells Fargo Bank in the sum of $487,250.93 and subsequently amended by an Amended Abstract of Judgment recorded on December 15, 2014. A true and correct copy of the Subordination Agreement is attached hereto as Exhibit "D" and is incorporated herein by reference. A

true and correct copy of the Abstract recorded on October 6, 2014 and Amended Abstract of Judgment recorded by Wells Fargo Bank on December 15, 2014 are attached hereto as Exhibit "E" and are incorporated herein by reference. I am informed and believe that said Amended Abstract of Wells Fargo Bank remains a lien on title to the Subject Property.

F. A fifth position lien is held by the Internal Revenue Service based upon a Notice of Federal Tax Lien recorded on August 18, 2016 against the Ann Batinovich 1997 Alsop Revocable Trust, which Movant is informed and believes to be a claim against the Debtor and the Subject Property in the amount of $73,178.58. A true and correct copy of this IRS Notice of Federal Tax Lien is attached as Exhibit "F" to the Banks Declaration and is incorporated herein by reference.

G. A sixth position lien is held by the U.S. Department of Labor. A judgment was entered in the matter styled as *Edward Hugler, Acting Sec. U.S. Dept. of Labor v. i2a Technologies, Inc. and Victor Batinovich*, Northern District of California, Case #3:15-cv-04963-WHA, in the amount of $410,647.68 on September 9, 2016. An abstract of said judgment was thereafter recorded against the Subject Property on April 17, 2017. A true and correct copy of the Abstract of Judgment recorded by the Department of Labor is attached hereto as Exhibit "F" and is incorporated herein by reference. I am informed and believe that no amount of said judgment has been paid and interest has accrued at the federal judgment rate since entry and remains a lien against the Subject Property.

H. A seventh position lien is held by the State of California based upon a Notice of State Tax Lien recorded on April 20, 2017 against Victor Batinovich in the amount of $38,030.54. A true and correct copy of this State of California Notice of State Tax Lien is attached as Exhibit "G" to the Banks Declaration and is incorporated herein by reference.

I. An eighth position lien is held by the State of California based upon a Notice of State Tax Lien recorded on October 4, 2017 against Ann Batinovich in the amount of $18,111.93. A true and correct copy of this State of California Notice of State

TUTTLE DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY , FOR ADEQUATE PROTECTION, OR IN THE ALTERNATIVE FOR DISMISSAL
Page 5

Case: 18-50126    Doc# 9-2    Filed: 01/24/18    Entered: 01/24/18 11:24:36    Page 5 of 44

1       Tax Lien is attached as Exhibit "H" to the Banks Declaration and is incorporated herein by

2       reference.

3           6.       The Debtor and Victor Batinovich defaulted by failing to pay any of the amounts

4 required under the Note and Deed of Trust to Movant.  A Notice of Default and Election to Sell

5 Under Deed of Trust was recorded on April 5, 2017 in Santa Clara County by The Foreclosure

6 Company, Inc, ("The Foreclosure Company") on behalf Movant as Trustee under the Deed of

7 Trust.   A true and correct copy of the Notice of Default is attached hereto as Exhibit "G" and is

8 incorporated herein by reference.  A true and correct of a Substitution of Trustee recorded on

9 August 3, 2017 is attached hereto as Exhibit "H" and is incorporated herein by reference.

10           1.       A Notice of Trustee's Sale was thereafter recorded on August 4, 2017 in Santa

11 Clara County by The Foreclosure Company, a true and correct copy of which is attached hereto as

12 Exhibit "I" and is incorporated herein by reference. A trustee's foreclosure sale was scheduled for

13 August 24, 2017 at 10:00 a.m.  However, before said trustee's sale could occur, Victor Batinovich

14 filed his first bankruptcy case on August 23, 2017 under chapter 13 as case #17-52027-SLJ-13.

15 Said first bankruptcy case was dismissed on September 21, 2017 due to the failure of Victor

16 Batinovich to comply with an order of the Court for filing documents after an extension of time

17 had been granted.  A true and correct copy of the Order and Notice of Dismissal For Failure to

18 Comply is attached as Exhibit "I" to the Banks Declaration and is incorporated herein by

19 reference.  The trustee's foreclosure sale was continued to October 6, 2017.   However, the sale

20 again could not take place because Victor Batinovich filed a second bankruptcy case, this time

21 under chapter 11, on October 5, 2017 as case number 17-52444-SLJ-11, which is pending at this

22 time.  Victor Batinovich did not timely move to extend the automatic stay in the Second Victor

23 Batinovich Bankruptcy Case beyond the 30 days provided by 11 U.S.C. §362(c) and the automatic

24 stay therefore terminated by statute on November 4, 2017.  By order entered on November 7, 2017

25 in Adversary Proceeding #17-5088-SLJ, a copy of which is attached as Exhibit "J" to the Banks

26 Declaration, the Bankruptcy Court denied Victor Batinovich's request for a preliminary injunction

27 or other similar relief.  The Foreclosure Company rescheduled the trustee's sale for November 9,

28 2017, but as described above could not proceed with the foreclosure sale due to the filing of the

Case: 18-50126    Doc# 9-2    Filed: 01/24/18    Entered: 01/24/18 11:24:36    Page 6 of 44

First Ann Batinovich Case, a chapter 13, on the morning of November 9, 2017. Victor Batinovich also moved to dismiss his second bankruptcy case, which motion was granted on January 10, 2018.

7.       The Deed of Trust held by Movant contains a future advances clause. Movant received notification that the homeowners insurance policy which provides fire insurance protection for the Subject Property and under which Movant is an additional named insured as mandated by the Deed of Trust, was cancelled due to the lack of payment by the Debtor or Victor Batinovich. A true and correct copy of such notice advising of cancellation from Fire Insurance Exchange (aka Farmers Insurance), is attached hereto as Exhibit "J" and is incorporated herein by reference. The Subject Property is known to Movant to be situated in a wildfire zone and therefore presents a risk of loss of collateral to Movant if it is uninsured. Movant has therefore made an advance during the First Ann Batinovich Case in the amount of $4,466.59 to obtain fire insurance on the Subject Property. A true and correct copy of the cancelled check used to make payment for this advance (with account number redacted) is attached hereto as Exhibit "K". A true and correct copy of the reinstatement notice from Fire Insurance Exchange is attached hereto as Exhibit "L". Pursuant to the terms of the Note Secured by Deed of Trust, Movant is entitled to an advance fee of 3% on such amounts that Movant advances. In addition, the Note Secured by Deed of Trust provides that said advance bears interest at the rate of 13% per annum.

8.       The Debtor and Victor Batinovich have failed to make any of the payments required under the terms of the Note Secured by A Deed of Trust. The rate of interest under the Note Secured by Deed of Trust is 10% per annum, with a default rate of an additional 3%. A late charge of 10% is due for any payment not received within 10 days of its due date. Due to a lack of any payments, Movant does not have a payment history to include as an exhibit to this Motion. Notwithstanding, there is now due and owing to Movant the following amounts:

9.

| Date | Description | Amount Due to Movant |
|------|-------------|----------------------|
| **Pre-Petition Arrears** | | |
| 5/1/2015 to 3/1/2017 | Monthly interest only payment per Note @ $6,666.67 per | $153,333.41 |

TUTTLE DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY , FOR ADEQUATE PROTECTION, OR IN THE ALTERNATIVE FOR DISMISSAL                                                                                Page 7

Case: 18-50126   Doc# 9-2   Filed: 01/24/18   Entered: 01/24/18 11:24:36   Page 7 of 44

| Date | Description | Amount Due to Movant |
|---|---|---|
| | month x 23 months | |
| 5/11/2015 and for each monthly interest payment thereafter for a total of 23 months | Monthly late charge at 10% of overdue payment $666.67 x 23 months | $15,333.41 |
| 4/1/2017 | Principal Balance Balloon Payment | $806,666.67 |
| 4/11/2017 | Late charge on principal balance at 10% | $80,666.67 |
| 4/1/17 to 1/18/18 | Per Diem Interest on principal balance to up to Petition Date @ $291.2963 per day (13%) | $85,349.82 |
| Various | Foreclosure fees incurred through petition date | $7,251.01 |
| 8/21/17 to 1/18/18 | Pre-petition interest on advanced for foreclosure fees from date of advance @ $3.898 per day (13%) | $569.11 |
| Various | Pre-petition attorneys' fees and costs | $29,350.52 |
| 11/23/17 | Insurance Advance | $4,466.59 |
| 11/23/17 | Insurance Advance Fee 3% | $134.00 |
| 11/23/17 to 1/18/18 | Pre-petition interest on insurance advance @ $1.613 per day (13%) | $91.94 |
| | **Total Pre-Petition Arrears** | **$1,183,213.15** |
| | | |
| **Post-Petition Arrears** | | |
| 1/19/18 to 1/31/18 | Post-petition interest @ $291.2963 per day (or $8,738.89 /30 days) | $3,786.85 |
| 1/19/18 to 1/31/18 | Post-petition interest on insurance advance @ $1.613 per day (13%) | $20.97 |
| 1/19/18 to 1/31/18 | Post-petition interest on advance for foreclosure fees @ $3.898 per day (13%) | $50.67 |
| | Post-petition attorneys' fees and costs (estimated) | $6,000.00 |
| | **Total Post-Petition Arrears** | **$9,858.49** |
| | **Total Secured Claim** | **$1,193,071.64** |

Per diem interest continues to accrue on the principal balance at $291.2963. In addition, per diem interest accrues on the foreclosure fees at the rate of $3.898 and on the insurance advance at $1.613 per day for a total of $296.8073 per day. Movant has advanced a deposit of foreclosure fees of $10,794.34 (with current fees now standing at $7,251.01) and pre-petition attorneys' fees and costs of $29,351.52; said attorneys' fees and costs will increase due to bringing this Motion and other actions required in this bankruptcy case and the pending case of Victor Batinovich and are estimated at $6,000.00 at this time.

10. Movant does not have, nor has it been offered, adequate protection of its interest in the Subject Property. Victor Batinovich listed the Subject Property with a value of $2,270,766.00 as of October 26, 2017 in his bankruptcy schedules. The Debtor previously listed the Subject Property with a value of $2,400,000 in the schedules filed in the First Ann Batinovich Case on December 15, 2017. Movant previously relied upon an appraisal of the Subject Property obtained by California Home Loans dated as of February 22, 2015 stating an appraised value in the amount of $2,300,000.00 when making its loan. For purposes of this Motion, Movant accepts the valuation offered by Victor Batinovich under penalty of perjury of $2,270,766.00.

11. On December 8, 2017, the Internal Revenue Service filed a priority claim in the First Ann Batinovich Case for unpaid income taxes in the amount of $532,184.07, a true and correct copy of which is attached to the Banks Declaration as Exhibit "L" and is incorporated herein by reference.

Executed on January 24, 2018 at San Jose, Santa Clara County, California. I declare under penalty of perjury that the foregoing is true and correct.

/s/ Thomas P. Tuttle
Thomas P. Tuttle

TUTTLE DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY , FOR ADEQUATE PROTECTION, OR IN THE ALTERNATIVE FOR DISMISSAL
Page 9

Case: 18-50126   Doc# 9-2   Filed: 01/24/18   Entered: 01/24/18 11:24:36   Page 9 of 44

# NOTE SECURED BY A DEED OF TRUST

Loan Number: 9513          Date: 03/04/2015          San Jose, California

3085 Paseo Vista Ave., San Martin, CA 95046
Property Address

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. **$800,000.00** (this amount will be called "principal"), plus interest, to the order of **Thomas P. Tuttle and Catherine M. Tuttle, Trustees of The Tuttle 2000 Living Trust dated 11/22/00, as to an undivided 100% interest** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

**2. INTEREST**

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on **03/06/2015**, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

**3. PAYMENTS**

My payments are ☒ Interest Only   ☐ Fully Amortized   ☐ Other

I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 23 | Monthly beginning May 1, 2015 | 10.00% | $6,666.67 |
| 1 | April 1, 2017 | 10.00% | $806,666.67 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on **04/01/2017** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to **The Tuttle 2000 Living Trust, 5302 Greenside Dr., San Jose, CA 95127**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of **10** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.000%** of my overdue payment or U.S. **$5.00**, whichever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than **60** days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

**(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

**5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: **The lender is entitled to earn a minimum 3 months interest. There is no pre-pay after 3 months interest has been paid.**

**EXHIBIT A**

Case: 18-50126   Doc# 9-2   Filed: 01/24/18   Entered: 01/24/18 11:24:36   Page 10 of 44

## 6. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

## 9. ADVANCING FEE
## ADVANCING FEE CHARGED TO BORROWER, WHEN LENDER MUST CURE DELINQUENT SENIOR LOANS, TAXES, INSURANCE, AND/OR HOMEOWNER ASSOCIATION DUES.

In the event that the Lender, makes any advances for reinstating delinquent prior encumbrances, taxes, insurance, homeowner association dues (if applicable) or for the preservation of this security, to protect the BENEFICIARY'S INTEREST in this Note, THERE WILL BE AN ADVANCING FEE EQUAL TO THREE PERCENT (3%) OF THE AMOUNT SO ADVANCED SUBJECT TO MINIMUM FEE OF FIFTY DOLLARS ($50.00). Furthermore, such advances are to be secured by this Deed of Trust and Bear Interest at the same rate that is charged on the PRINCIPAL of this Note, from the date of advance to such date when all monies are paid in full in the form of certified funds, cashier's and money order.

## 10. DEFAULT INTEREST

Should Borrower default on any terms and conditions of this loan, Borrower shall pay a default interest rate in the amount of 3.00% per annum, in addition to the current rate under the Note, based on the principal balance and on all outstanding advances and advances to be made after default has occurred. Default interest shall commence as of the date of the default and shall continue until such time default has been cured or loan has been paid off.

## 11. THE FOLLOWING PROVISIONS MAY RESULT IN THE COMPOUNDING OF INTEREST ON YOUR LOAN

At the option of the Beneficiary, if any payment should be insufficient to pay the interest then due, the balance of interest remaining shall be added to the principal and will bear interest at the Note rate as the principal.

At the option of the Beneficiary, if any principal and/or interest installments, late charges, advances and/or costs should be repaid through or by any forbearance, bankruptcy plan or similar repayment plan, the total sum of these amounts will bear interest at the Note rate from the date due or advanced until the date repaid.

## 12. RIGHT TO ASSIGN

The holder of this Note shall have the right to sell, assign, or otherwise transfer, either in part or in its entirety, this Note, the Deed of Trust, and other instruments evidencing or securing indebtedness of this Note to one or more investors without Borrower's consent.

## 13. BINDING

This Note and all of the covenants, promises and agreements contained in it shall be binding on and insure to the benefit of the respective legal and personal representatives, devisees, heirs, successors, and assigns of the Borrower and the Beneficiary.

## 14. BANKRUPTCY REORGANIZATION

For the purpose of any reorganization plan under the United States Bankruptcy Code, including, without limitation, Chapter 11 and Chapter 13 thereof and Code Sections 1123 and 1322 of said Chapters, any cure contemplated by said plan shall require the full payment of accrued and unpaid interest at the default rate (if applicable) as set forth herein and payments of any other sums due by reason of Borrower's default. Arrears accumulated and unpaid shall accrue interest at the same rate applicable to the Principal during the life of the plan, all payments toward arrearages under such reorganization plan shall be applied first to the interest accruing on the arrearages and then to the arrearage balance.

## 15. COMMERCIAL PURPOSE

Borrower represents and warrants to the Lender that the loan proceeds disbursed by the Lender under the Note shall be used for business or commercial purposes and that none of the proceeds of this Note shall be used by the Borrower for personal, family or household purposes. Borrower acknowledges that if not for this representation and warranty, Lender would not grant the loan to the Borrower on the terms represented in the Note, the Security Instrument and the Loan Documents. Borrower further acknowledges that Lender is relying exclusively on Borrower's representation and warranty hereunder in Lender's determination of the use of loan proceeds, and will make disbursements under the Note in material reliance on such representation and warranty. Lender's use of, and Borrower's execution of, the Uniform Residential Loan Application, is not intended to be inconsistent with the commercial purposes of the loan.

| | | | |
|---|---|---|---|
| _(signature)_ | 3/9/2015 | _(signature)_ | 3-9-2015 |
| Borrower    Victor A. Batinovich | Date | Borrower    Ann Alsop Batinovich | Date |

---

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

Date: _____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:


all beneficial interest under the within Note, without recourse, and Deed of Trust securing same

| | | |
|---|---|---|
| _____ | | _____ |
| _____ | | _____ |

---

**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

**Recording Requested By**
Keith Charles Knapp
Cornerstone Title
LA - 1894
**When Recorded Mail To**
The Tuttle 2000 Living Trust
5302 Greenside Dr.
San Jose, CA 95127

Title Order No.

| DOCUMENT: | 22879324 | | Pages: | 9 |
|---|---|---|---|---|
| | | Fees. . . . | 74.00 | |
| | 22879324 | Taxes. . . | .00 | |
| | | Copies . . | .00 | |
| | | AMT PAID | 74.00 | |

REGINA ALCOMENDRAS
SANTA CLARA COUNTY RECORDER
Recorded at the request of
Cornerstone Title - PASION

RDE # 008
3/11/2015
08:26 AM

Space above this line for recorder's use

# DEED OF TRUST

RECORDER: INDEX FOR SPECIAL NOTICE

Loan No. 9513

This Deed of Trust, made this **4th day of March 2015**, among the Trustor, **Victor A. Batinovich and Ann Alsop Batinovich, husband and wife as community property** (herein "Borrower"), **CornerStone Title Company** (herein "Trustee"), and the Beneficiary, **Thomas P. Tuttle and Catherine M. Tuttle, Trustees of The Tuttle 2000 Living Trust dated 11/22/00, as to an undivided 100% interest** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of **Santa Clara**, State of California: **See attached Legal Description**
**APN: 825-29-039**, which has the address of **3085 Paseo Vista Ave., San Martin, CA 95046** (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **03/04/2015**, in the principal sum of U.S. **$800,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the **Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend** generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:
**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

**EXHIBIT B**

Case: 18-50126    Doc# 9-2    Filed: 01/24/18    Entered: 01/24/18 11:24:36    Page 13 of 44

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply

Case: 18-50126   Doc# 9-2   Filed: 01/24/18   Entered: 01/24/18 11:24:36   Page 14 of 44

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **The Tuttle 2000 Living Trust, 5302 Greenside Dr., San Jose, CA 95127** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay

Case: 18-50126    Doc# 9-2    Filed: 01/24/18    Entered: 01/24/18 11:24:36    Page 15 of
44

Documents provided by DataTree LLC via it's proprietary imaging and delivery system Copyright 2003, All rights reserved.

the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by

Case: 18-50126    Doc# 9-2    Filed: 01/24/18    Entered: 01/24/18 11:24:36    Page 16 of 44

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

## REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE
## UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

In accordance with Section 2924b of the Civil Code, Request is hereby made by the undersigned Trustor that a copy of any default and a copy of any notice of sale under deed of trust recorded in Book _____, Page(s) _____, Instrument No._____, Official Records of County Recorder of _____ County, California. The original Trustor _____ and the original Trustee _____ and the original Beneficiary _____
Mail to:

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

| Borrower    Victor A. Batinovich | Date  3/9/2015 | Borrower    Ann Alsop Batinovich | Date  3-9-2015 |

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Santa Clara _____

On _3.9.15_ before me, _Elaine Norman_, Notary Public,
personally appeared _Victor A. Batinovich & Ann Alsop Batinovich_,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____                (Seal)

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

9513/Batinovich, Victor
Page 5 of 6

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

## ACKNOWLEDGMENT

> A notary public or other officer completing
> this certificate verifies only the identity of the
> individual who signs the document to which
> this certificate is attached and not the
> truthfulness, accuracy, or validity of that
> document.

State of California
County of ___Santa Clara___ )

On ___3·9·15___ before me, ___Elaine Norman___ Notary Public

(insert name and title of the officer)

personally appeared Victor A. Batinovich & Ann Alsop Batinovich

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are

subscribed to the within instrument and acknowledged to me that he/she/they executed the same in

his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the

person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

ELAINE NORMAN
COMM. # 2074994
NOTARY PUBLIC ● CALIFORNIA
SANTA CLARA COUNTY
Comm. Exp. AUG. 13, 2018

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

## REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and** this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____     _____     _____     _____
Signature of Beneficiary (the "LENDER")          Date          Signature of Beneficiary (the "LENDER")          Date

When recorded, mail to

Att: _____

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

9513/Batinovich, Victor
Page 6 of 6

Documents provided by DataTree LLC via it's proprietary imaging and delivery system  Copyright 2003, All rights reserved.

# HAZARDOUS SUBSTANCE RIDER TO DEED OF TRUST

That certain Deed Of Trust dated **03/04/2015** between **Victor A. Batinovich and Ann Alsop Batinovich, husband and wife as community property** therein and herein called "Trustor", **CornerStone Title Company**, therein called "Trustee" and **Thomas P. Tuttle and Catherine M. Tuttle, Trustees of The Tuttle 2000 Living Trust dated 11/22/00, as to an undivided 100% interest** therein and herein called "Beneficiary" is supplemented in the following particulars only:

1.  Trustor represents to Beneficiary that, to the best of Trustor's knowledge after due and diligent inquiry, no hazardous or toxic waste substances are being stored on the property or any adjacent property nor have such substances been stored or used on the property or any adjacent property prior to Trustor's ownership, possession or control of the property. Trustor agrees to provide written notice to Beneficiary immediately upon Trustor's becoming aware that the property or any adjacent property is being or has been contaminated with hazardous or toxic waste or substances. Trustor will not cause or permit any activities on the property that directly or indirectly could result in the property or any other property's being contaminated with hazardous or toxic waste or substances. For the purpose of this Deed of Trust, "hazardous" or "toxic waste" or "substances" means any substance or material defined or designated as hazardous or toxic wastes, hazardous or toxic material, a hazardous, toxic, or radioactive substance, or other similar term by any applicable federal, state, or local statute, regulation, or ordinance now or hereafter in effect.

2.  Trustor shall promptly comply with all statutes, regulations, and ordinances, and with all orders, decrees, or judgments of governmental authorities or courts having jurisdiction, relating to the use, collection, storage, treatment, control, removal, or cleanup of hazardous toxic waste or substances in, on, or under the property or in, on, or under any adjacent property that becomes contaminated with hazardous or toxic waste or substances as a result of construction, operations, or other activities on, or the contamination of, the property, or incorporated in any improvements thereon, at Trustor's expense. Beneficiary may, but is not obliged to, enter upon the property and take such actions and incur such costs and expenses to effect such compliance as it deems advisable to protect its interest as Beneficiary; and whether or not Trustor has actual knowledge of the existence of hazardous or toxic waste or substances in, on, or under the property or any adjacent property as of the date hereof, Trustor shall reimburse Beneficiary on demand for the full amount of all costs and expenses incurred by Beneficiary prior to Beneficiary's acquiring title to the property through foreclosure or deed in lieu of foreclosure, in connection with such compliance activities.

| | | | |
|---|---|---|---|
| Borrower | Victor A. Batinovich | Date | |
| Borrower | Ann Alsop Batinovich | Date | |

Applied Business Software, Inc. (800) 833-3343
Hazardous Substance Rider to DOT

9513/Batinovich, Victor
Page 1 of 1

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

**Exhibit A**

All of the following real property, situated in UNINCORPORATED AREA, County of SANTA CLARA State of California, described as follows:

ALL OF LOT 34, AS SHOWN UPON THAT CERTAIN MAP ENTITLED, "TRACT NO. 5964 RANCHO ROBLES", WHICH MAP WAS FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SANTA CLARA, STATE OF CALIFORNIA, ON APRIL 22, 1977 IN BOOK 393 OF MAPS, AT PAGES 45, 46 AND 48.

APN: 825-29-039

CornerStone Title Company

# CERTIFICATE OF BUSINESS PURPOSE OF LOAN

Borrower certifies to **California Home Loans** ("Originator") as follows:

1. I have applied to Originator for a trust deed loan of **$800,000.00** secured by the real property at: **3085 Paseo Vista Ave., San Martin, CA 95046** (the "Property").

1. Originator has stressed to me the importance of knowing the primary purpose of the Loan. I know that the legal responsibilities of the Originator vary considerably depending upon whether the Loan is a consumer loan (for personal, household or family purposes), or a business loan.

2. I have represented to the Originator and again represent to the Originator that all of the purposes of the Loan, exclusive of commissions and loan expenses incurred to obtain the Loan are:

| Purpose | Approximate Amount |
|---|---|
| A. | $ |
| B. | $ |
| C. | $ |
| D. | $ |

3. The primary purpose of the Loan is to finance the business enterprise known as

   _12a Technologies_____, is in the business of

   _____.

4. No part of the Loan proceeds are intended to be used for a non-business (i.e., consumer) purpose except:

| Purpose | Approximate Amount |
|---|---|
| | $ |

The lender, broker, assignees and successors of the Originator may rely upon this certificate. I declare under penalty of perjury under the laws of the State of California that the foregoing Certificate is true and correct.

| _Signature_ | | _Ann Alsop Batinovich_ 2-27-2015 |
|---|---|---|
| Borrower  Victor A. Batinovich | Date | Borrower  Ann Alsop Batinovich      Date |

**EXHIBIT C**



| DOCUMENT: | **22879323** | | Pages: | 6 |
|---|---|---|---|---|
| | | | Fees. . . . | 40.00 |
| | | | Taxes. . . | .00 |
| | | | Copies . . | .00 |
| | 22879323 | | AMT PAID | 40.00 |

**RECORDING REQUESTED BY**
Cornerstone Title Company

**AND WHEN RECORDED MAIL DOCUMENT TO:**
Mains & Bloom PC
Attention: Steven B. Mains
267 Locust Avenue, Suite A
San Rafael, CA 94901

REGINA ALCOMENDRAS
SANTA CLARA COUNTY RECORDER
Recorded at the request of
Cornerstone Title - PASION

RDE # 008
3/11/2015
08:26 AM

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 825-29-039

File NO: LA-1894(EN ) Page **1** of **1**

# SUBORDINATION AGREEMENT
### (EXISTING TO NEW)

**NOTICE: THIS SUBORDINATION AGREEMENT RESULTS IN YOUR SECURITY INTEREST IN THE PROPERTY BECOMING SUBJECT TO AND OF LOWER PRIORITY THAN THE LIEN OF SOME OTHER OR LATER SECURITY INSTRUMENT.**

THIS AGREEMENT, made  March 9, 2015, by

Victor A. Batinovich and Ann Alsop Batinovich and Ann Alsoo Batinovich, husband and wife

Owner of the land hereinafter described and hereinafter referred to as "Owner", and

Wells Fargo Bank, National Association

present Owner and Holder of the Abstract of Judgment first hereinafter described and hereinafter referred to as "Creditor";

### WITNESSETH

THAT WHEREAS, Owner has an Abstract of Judgment against them in favor of Wells Fargo Bank, National Association, as Creditor, covering:  Property described in Exhibit "A" attached hereto and made a part hereof

to secure an indebtedness in the sum of $487,250.93, entered September 17, 2014, in favor of Wells Fargo Bank, National Association, which Abstract of Judgment was recorded October 6, 2014 in Book , Page , or Instrument No. 22734168, and which was  Amended by Amended Abstract of Judgment recorded on December 15, 2014, as Instrument No. 22799882, both of which are herein referred to as Abstract of Judgment in said Santa Clara County; and

# **EXHIBIT D**

WHEREAS, Owner has executed, or is about to execute, a Deed of Trust and Note in the sum of $800,000.00, dated March 4th, 2015, in favor of **Thomas P. Tuttle and Catherine M. Tuttle, Trustees of the Tuttle 2000 Living Trust dated 11/22/00**, New Lender, hereinafter referred to as "Lender", payable with interest and upon the terms and conditions described therein, which Deed of Trust is to be recorded concurrently herewith; and WHEREAS, it is a condition precedent to obtaining said loan that said Deed of Trust last above mentioned shall unconditionally be and remain at all times a lien or charge upon the land hereinbefore described, prior and superior to the lien or charge of the Abstract of Judgment first above mentioned; and

WHEREAS, Lender is willing to make said loan provided the Deed of Trust securing the same is a lien or charge upon the above described property prior and superior to the lien or charge of the Abstract of Judgment first above mentioned and provided that Creditor will specifically and unconditionally subordinate the lien or charge of the Abstract of Judgment first above mentioned to the lien or charge of the Deed of Trust in favor of Lender; and

WHEREAS, it is to the mutual benefit of the parties hereto that Lender make such loan to Owner; and Beneficiary is willing that the Deed of Trust securing the same shall, when recorded, constitute a lien or charge upon said land which is unconditionally prior and superior to the lien or charge of the Abstract of Judgment first above mentioned.

NOW, THEREFORE, in consideration of the mutual benefits accruing to the parties hereto and other valuable consideration, the receipt and sufficiency of which consideration is hereby acknowledged, and in order to induce Lender to make the loan above referred to, it is hereby declared, understood and agreed as follows:

(1) That said Deed of Trust securing said Note in favor of Lender, and any renewals or extensions thereof, shall unconditionally be and remain at all times a lien or charge on the property therein described, prior and superior to the lien or charge of the Abstract of Judgment first above mentioned.

(2) That Lender would not make its loan above described without this subordination agreement.

(3) That this agreement shall be the whole and only agreement with regard to the subordination of the lien or charge of the Abstract of Judgment first above mentioned to the lien or charge of the Deed of Trust in favor of Lender above referred to and shall supersede and cancel, but only insofar as would affect the priority between the Abstract of Judgment and the Deed of Trust hereinbefore specifically described, any prior agreement as to such subordination including, but not limited to, those provisions, if any, contained in the Abstract of Judgment first above mentioned, which provide for the subordination of the lien or charge thereof to another Deed or Deeds of Trust or to another Mortgage or Mortgages.

Creditor declares, agrees and acknowledges that

(a) He consents to and approves (i) all provisions of the Note and Deed of Trust in favor of Lender above referred to, and (ii) all agreements, including but not limited to any loan or escrow agreements, between Owner and Lender for the disbursement of the proceeds of Lender's loan;

(b) Lender in making disbursements pursuant to any such agreement is under no obligation or duty to, nor has Lender represented that it will see to the application of such proceeds by the person or persons to whom Lender disburses such proceeds and any application or use of such proceeds for purposes other than those provided for in such agreement or agreements shall not defeat the subordination herein made in whole or in part;

(c) He intentionally and unconditionally waives, relinquishes and subordinates the lien or charge of the Abstract of Judgment first above mentioned in favor of the lien or charge upon said land of the Deed of Trust in favor

of Lender above referred to and understands that in reliance upon, and in consideration of, this waiver, relinquishment and subordination specific loans and advances are being and will be made and, as part and parcel thereof, specific monetary and other obligations are being and will be entered into which would not be made or entered into but for said reliance upon this waiver, relinquishment and subordination; and

**NOTICE:** **THIS SUBORDINATION AGREEMENT CONTAINS A PROVISION WHICH ALLOWS THE PERSON OBLIGATED ON YOUR REAL PROPERTY SECURITY TO OBTAIN A LOAN A PORTION OF WHICH MAY BE EXPENDED FOR OTHER PURPOSES THAN THE IMPROVEMENT OF THE LAND.**

**(ALL SIGNATURES MUST BE ACKNOWLEDGED)**

IT IS RECOMMENDED THAT, PRIOR TO THE EXECUTION OF THIS SUBORDINATION AGREEMENT, THE PARTIES CONSULT WITH THEIR ATTORNEYS WITH RESPECT THERETO.
(CLTA SUBORDINATION FORM "A")

OWNER:

Victor A. Batinovich

Ann Alsop Batinovich

A notary public or other officer completing this certificate verifies only the identity of the individual who signs the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

STATE OF    _CA_

COUNTY OF    _Santa Clara_    )SS    )

On _3·9·15_ , before me, _Elaine Norman_ , Notary Public,

personally appeared _Victor A. Batinovich & Ann Alsop Batinovich_

_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

My Commission Expires: _8·13·18_

ELAINE NORMAN
COMM. # 2074994
NOTARY PUBLIC • CALIFORNIA
SANTA CLARA COUNTY
Comm. Exp. AUG. 13, 2018

This area for official notarial seal

Notary Name:_____

Notary Registration Number:_____

Notary Phone:_____

County of Principal Place of Business:_____

CREDITOR:
Wells Fargo Bank, National Association

By: _____

*Assistant Vice President*

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signs the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

---

STATE OF    *IOWA*    )SS
COUNTY OF    *POLK*    )

On *March 5, 2015*, before me, *Helen Trask*, Notary Public, personally appeared *Brent Westman* , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

My Commission Expires: *1-30-2016*

Notary Name: *Helen TRASK*

Notary
Registration Number: *194592*

HELEN TRASK
NOTARIAL SEAL - STATE OF IOWA
COMMISSION NUMBER 194592
MY COMMISSION EXPIRES *1-30-2016*

This area for official notarial seal

Notary Phone: *515-245-3177*
County of Principal Place of Business: *Polk*

**LEGAL DESCRIPTION**

All of the following real property, situated in UNINCORPORATED AREA, County of SANTA CLARA State of California, described as follows:

ALL OF LOT 34, AS SHOWN UPON THAT CERTAIN MAP ENTITLED, "TRACT NO. 5964 RANCHO ROBLES", WHICH MAP WAS FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SANTA CLARA, STATE OF CALIFORNIA, ON APRIL 22, 1977 IN BOOK 393 OF MAPS, AT PAGES 45, 46 AND 48.

APN: 825-29-039

CornerStone Title Company

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

**RECORDING REQUESTED BY**

WELLS FARGO BANK, national
association

**DOCUMENT: 22734168**

Pages: 3

Fees.... 44.00
Taxes.
Copies:.
AMT PAID 44.00

**WHEN RECORDED MAIL TO**

NAME

MAILING ADDRESS

CITY, STATE ZIP CODE

Office of the General Counsel
Wells Fargo & Company
21680 Gateway Center Drive, Suite 280
Diamond Bar, CA 91765

REGINA ALCOMENDRAS
SANTA CLARA COUNTY RECORDER
Recorded at the request of
Attorney

RDE # 025
10/06/2014
2:11 PM

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# T I T L E(S)

## ABSTRACT OF JUDGMENT

# EXHIBIT E

Legal
Solutions
& Plus   LS-201

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

**EJ-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State bar number)* After recording, return to | |
|---|---|
| Yvonne Ramirez-Browning     SBN: 164353 | |
| Office of the General Counsel, Wells Fargo & Company | |
| 21680 Gateway Center Drive, Suite 280 | |
| Diamond Bar, CA 91765 | |
| TEL NO.: 626-965-9465    FAX NO. *(optional)* 909-861-9253 | |
| E-MAIL ADDRESS *(Optional):*    311196837/CMGth | |
| [X] ATTORNEY FOR   [X] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

STREET ADDRESS 1225 Fallon St.

MAILING ADDRESS 1225 Fallon St.

CITY AND ZIP CODE Hayward, 94544

BRANCH NAME: Hayward Hall of Justice

FOR RECORDER'S USE ONLY

| PLAINTIFF: WELLS FARGO BANK, NATIONAL ASSOCIATION | CASE NUMBER |
|---|---|
| DEFENDANT: 12A TECHNOLOGIES, INC., a corporation | RG13708405 |

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS    [ ] Amended | FOR COURT USE ONLY |
|---|---|

1. The [X] judgment creditor [ ] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
       Name and last known address

   > 12A Technologies, Inc., a corporation
   > 3399 W. Warren Ave.
   > Fremont, CA 94538

   b. Driver's license no. [last 4 digits] and state:    [X] Unknown
   c. Social security no. [last 4 digits]: TIN: 7702    [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*
      12A Technologies, Inc., a corporation, 3399 W. Warren Ave., Fremont, CA 94538

2. [X] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address).*
   Wells Fargo Bank, National Association
   P.O. Box 6165
   El Monte, CA 91734
   Date: September 19, 2014

   Yvonne Ramirez-Browning
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ▶ _(signature)_
   (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 487,250.93

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date):* September 17, 2014
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date):*

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
EUREKA

LEAH T. WILSON
EXECUTIVE OFFICER/CLERK

This abstract issued on *(date):*
SEP 23 2014

Clerk, by _(signature)_ Lynn Wiley , Deputy

| Form Adopted for Mandatory Use Judicial Council of California EJ-001 [Rev. July 1, 2014] | **ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS** | Page 1 of 2 Code of Civil Procedure, §§ 488.480, 674, 700.190 Westlaw Doc & Form Builder |
|---|---|---|

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

| PLAINTIFF: WELLS FARGO BANK, NATIONAL ASSOCIATION | COURT CASE NO.: |
|---|---|
| DEFENDANT: I2A TECHNOLOGIES, INC., a corporation | RG13708405 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:

14. Judgment creditor *(name and address)*:

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.   Name and last known address

Ann A. Batinovich aka Ann Batinovich
3085 Paseo Vista Ave.
San Martin, CA  95046

Driver's license no. [last 4 digits] and state: ☒ Unknown

Social security no. [last 4 digits]:1365 ☐ Unknown

Summons was personally served at or mailed to *(address)*:

3085 Paseo Vista Ave., San Martin, CA  95046

17.   Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address)*:

18.   Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address)*:

19.   Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address)*.

20. ☐ Continued on Attachment 20.

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

SEP 2 6 2014

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

**RECORDING REQUESTED BY**

WELLS FARGO BANK, N.A.

DOCUMENT: 22799882

Pages: 3

Fees.... 40 00
Taxes...
Copies..
AMT PAID 40 00

RDE # 006
12/15/2014
11:38 AM

REGINA ALCOMENDRAS
SANTA CLARA COUNTY RECORDER
Recorded at the request of
Bank

| | |
|---|---|
| **NAME** | **WHEN RECORDED MAIL TO**<br>Office of the General Counsel, Wells Fargo & Company |
| **MAILING ADDRESS** | 21680 Gateway Center Drive<br>Suite 280<br>Diamond Bar, CA 91765 |
| **CITY, STATE ZIP CODE** | |

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# T I T L E(S)

## AMENDED ABSTRACT OF JUDGMENT

Legal
Solutions
& Plus
LS-201

311198837/CMGllb

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

**EJ-001**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, and State Bar number):*<br>After recording, return to<br>Yvonne Ramirez-Browning          SBN: 164353<br>Office of the General Counsel, Wells Fargo & Company<br>21680 Gateway Center Drive, Suite 280<br>Diamond Bar, CA  91765<br>TEL NO: 626-965-9465     FAX NO (optional): 909-861-9253<br>E-MAIL ADDRESS (Optional):  311196837/CMGth<br>[X] ATTORNEY FOR   [X] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS 1225 Fallon St.
MAILING ADDRESS 1225 Fallon St.
CITY AND ZIP CODE: Hayward, 94544
BRANCH NAME: Hayward Hall of Justice

FOR RECORDER'S USE ONLY

| PLAINTIFF: WELLS FARGO BANK, NATIONAL ASSOCIATION<br>DEFENDANT: I2A TECHNOLOGIES, INC., a corporation | CASE NUMBER:<br>RG13708405 |
|---|---|
| **ABSTRACT OF JUDGMENT—CIVIL<br>AND SMALL CLAIMS**    [X] Amended | FOR COURT USE ONLY |

1. The [X] judgment creditor [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
   Name and last known address

   > Ann A. Batinovich aka Ann Batinovich
   > 3085 Paseo Vista Ave.
   > San Martin, CA  95046

   b. Driver's license no. [last 4 digits] and state:          [X] Unknown
   c. Social security no. [last 4 digits]: 1365                   [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*
      Ann A. Batinovich aka Ann Batinovich, 3085 Paseo Vista Ave., San Martin, CA  95046

2. [ ] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address):*
   Wells Fargo Bank, National Association
   P.O. Box 6165
   El Monte, CA  91734
   Date: November 13, 2014

   Yvonne Ramirez-Browning
   _____
   (TYPE OR PRINT NAME)

   ► _____
   (SIGNATURE OF APPLICANT OR ATTORNEY)

4. [ ] Information on additional judgment creditors is shown on page 2

5. [X] Original abstract recorded in this county: SANTA CLARA
   a. Date: October 6, 2014
   b. Instrument No.: 22734168

6. Total amount of judgment as entered or last renewed:
   $ 495,102.33

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date):*9/17/2014 nunc pro tunc
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date):*

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[SEAL]

LEAH T. WILSON
EXECUTIVE OFFICER/CLERK

This abstract issued on *(date):*
NOV 1 8 2014

Clerk, by _____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev July 1, 2014]

AMENDED

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190
Westlaw Doc & Form Builder

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

| PLAINTIFF: WELLS FARGO BANK, NATIONAL ASSOCIATION | COURT CASE NO : |
|---|---|
| DEFENDANT: I2A TECHNOLOGIES, INC., a corporation | RG13708405 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

17. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

18. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

19. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

Case: 18-50126    Doc# 9-2    Filed: 01/24/18    Entered: 01/24/18 11:24:36    Page 34 of 44

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

EJ-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)* | PHONE NUMBER |
|---|---|
| ■ Recording requested by and return to: | 415-625-7766 |

LAURA TRIZUTO, Paralegal for TARA STEARNS, Trial Attorney.
US DEPT OF LABOR, OFC. OF THE SOLICITOR
90 7TH ST, STE 3700
SAN FRANCISCO CA 94103

**23626729**

Regina Alcomendras
Santa Clara County — Clerk-Recorder
04/17/2017 12:00 PM

| ■ ATTORNEY FOR | ■ JUDGMENT CREDITOR | ☐ ASSIGNEE OF |
|---|---|---|

NAME OF COURT: U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STREET ADDRESS:
MAILING ADDRESS: 450 GOLDEN GATE AVE, 16TH FLOOR
CITY, STATE, ZIP: SAN FRANCISCO, CA 94102
PHONE NUMBER: (415) 522-2000

Titles: 1   Pages: 1
Fees: $29.00
Taxes: $0
Total: $29.00

PLAINTIFF: EDWARD C. HUGLER, Acting Secretary of the US Dept. of Labor

DEFENDANT: i2a, TECHNOLOGIES, Inc., a California corporation; and VICTOR BATINOVICH, an individual

**ABSTRACT OF JUDGEMENT**   ☐ **Amended**

CASE NUMBER: C 11-04963-WHA

1. The ■ judgment creditor ☐ assignee of record
applies for an abstract of judgment and represents the following:

*FOR COURT USE ONLY*

a.   Judgment debtor's Name and last known address

VICTOR BATINOVICH
3085 PASEO VISTA AVE
SAN MARTIN CALIFORNIA 95046-9707

b.   Driver's license # and state:                               ■ Unknown

c.   Social Security #:     566-90-xxxx                          ■ Unknown

d.   Summons or notice of entry of sister-state judgment was personally served or
mailed to (name and address):

e.   ☐ Original abstract recorded in this county:

f.   ☐ Information on additional judgment debtors
is shown on page two.

(a)   Date:

(b)   Instrument #:

Date:   March 15, 2017        LAURA TRIZUTO
*(TYPE OR PRINT NAME)*

*Laura Trizuto*
(SIGNATURE OF APPLICANT OR ATTORNEY)

2a. ■ I certify that the following is a true and correct abstract of
the judgment entered in this action.

b. ☐ A certified copy of the judgment is attached.

6.   Total amount of judgment as entered or last renewed:
$410,647.68

7.   ☐ An ☐ execution lien
☐ attachment lien
is endorsed on the judgment as follows:

a. ☐ Amount $:

3. Judgment creditor (name and address):
EDWARD C. HUGLER, Acting Secretary of Labor, USDOL
address same as above judgment creditor

b. ☐ In favor of (name and address):

Judgment debtor (full name as it appears in judgment):
VICTOR BATINOVICH, an individual

a. Judgment entered on (date):        9/9/2016

b. Renewal entered on (date):

8.        A stay of enforcement has:

a. ■ not been ordered by the court

b. ☐ been ordered by the court effective until (date):

9 ☐ This judgment is an installment judgment.

[SEAL]

This abstract issued on (date):

3/24/2017

Clerk, by   *A L Seayton*                , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2003]

**ABSTRACT OF JUDGMENT**
(CIVIL)

Page 1 of 2
Code of Civil Procedure, §§ 488.480
674, 700.190

American LegalNet, Inc.
www.USCourtForms.com

**EXHIBIT F**

**This document was electronically submitted to Santa Clara County for recording**

# 23617147

**Regina Alcomendras**
Santa Clara County - Clerk-Recorder
04/05/2017 10:38 AM

Titles: 1    Pages: 2
Fees: $28.00
Tax: $0
Total: $28.00

RECORDING REQUESTED BY:
Pacific Coast Title Company
Order No. 91207855

When Recorded, Mail To:

The Foreclosure Company, Inc.
3001 So. Winchester Blvd., Suite A
Campbell, California 95008

FC No.: 17-212

---

## NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

NOTE TO BORROWER: THERE IS A SUMMARY OF THIS INFORMATION IN THE DOCUMENT ATTACHED

注：本文件包含一个信息摘要　　　참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IMPORTANT NOTICE: IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION.** You may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses, within the time permitted by law for reinstatement of your account, which is normally five business days prior to the scheduled sale date, through this foreclosure for this property. No sale date may be set until approximately 90 days from the date this Notice of Default was recorded; the date of recording appears at the top of this notice.

The default amount is $969,765.73 *as of* April 4, 2017, and will increase until your account becomes current.

While this property is in foreclosure you must pay your other obligations, including property taxes and insurance, as required by your Note and Deed of Trust. If you fail to: make ongoing payments due on the loan(s); pay property taxes; provide insurance on the property; or pay any other obligations as required in the Note and Deed of Trust the Beneficiary may insist that you do so. As a condition of reinstatement, the Beneficiary may require that you provide reliable written evidence that you have paid all senior liens, property taxes and hazard insurance premiums.

Upon your written request the Beneficiary or their Agent will prepare a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid Principal, but you must pay all amounts in default at the time payment is made. You and the Beneficiary may mutually agree in writing to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise, or (2) establish a schedule of payments in order to cure your default, or both (1) and (2), prior to the Notice of Sale being posted, which may not occur earlier than three months after this Notice of Default was recorded.

Following the expiration of the period of time referred to in the first paragraph of this Notice, you may only have the legal right to stop the sale of your property by paying the entire amount demanded by the Beneficiary, unless a separate written agreement between you and the Beneficiary, or the obligation being foreclosed upon, permits a longer period of time.

## EXHIBIT G

To find out the amount you must pay, arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Thomas and Catherine Tuttle, Trustees
c/o The Foreclosure Company, Inc.
3001 So. Winchester Blvd., Suite A
Campbell, California 95008
(408) 374-7204
TheForeclosureCo@gmail.com

If you have any questions you should contact a lawyer or the Governmental Agency that may have insured your loan. Although your property is in foreclosure you may offer your property for sale, as long as that sale is concluded prior to the conclusion of this foreclosure.

## Remember, you may lose legal rights if you do not take prompt action.

NOTICE IS HEREBY GIVEN: The Foreclosure Company, Inc., a California corporation, is acting as Agent for the Beneficiaries, CornerStone Title Company, is the Trustee under a Deed of Trust dated  March 4, 2015 executed by

Victor A. Batinovich and Ann Alsop Batinovich, husband and wife as community property,
as Trustor,
to secure certain obligations in favor of

Thomas P. Tuttle and Catherine M. Tuttle, Trustees of The Tuttle 2000 Living Trust dated 11/22/00, as to an undivided 100% interest,
as Beneficiaries,

Recorded on March 11, 2015  Instrument Number  22879324  in Book n/a at Page n/a of Official Records in the Office of the Recorder of  Santa Clara  County, California, securing the land described fully in said Deed of Trust, including one Note for the sum of $800,000.00 ; that the beneficial interest under the Deed of Trust and the obligations secured thereby are held by the present beneficiary, that a breach of and default in the obligations for which said Deed of Trust is security has occurred by:

failure to make payment of Principal and interest when ALL DUE and payable on April 1, 2017, late charges and any applicable default interest, plus Trustee/foreclosure fee, costs and expenses and any Attorney fees and/or advances paid to protect the security interest of the Beneficiaries

by reason thereof the present Beneficiary under said Deed of Trust has executed and delivered to said Agent or appointed Trustee a written Declaration of Default and Demand for Sale; has deposited with said Agent or appointed Trustee, said Deed of Trust and all documents evidencing obligations secured thereby; has declared and does hereby declare all sums secured thereby immediately due and payable; has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby. The subject property is not a first loan and therefore is not subject to California Civil Code Section 2923.5.

Subject Property Address:                                      The Foreclosure Co., Inc., as Agent
3085 Paseo Vista Avenue
San Martin, Ca. 95046

DATE: April 4, 2017                          By: _____
                                              Christina Leigh, Foreclosure Officer

**This office is assisting the Beneficiaries in collecting a debt and any information obtained may be used for that purpose whether received verbally or in writing.**

Notice of Default 17-212
Page 2

## -END OF DOCUMENT-

**This document was electronically submitted to Santa Clara County for recording**

# 23718531

Regina Alcomendras
Santa Clara County - Clerk-Recorder
06/03/2017 11:49 AM

Titles: 1    Pages: 2
Fees: $28.00
Tax: $0
Total: $28.00

Recording Requested By:
Pacific Coast Title Co.
Order No. 91207855
AND
When Recorded, Mail To:

The Foreclosure Company, Inc.
3001 So. Winchester Blvd., Ste. A
Campbell, California  95008

FC No.: 17-212

# SUBSTITUTION OF TRUSTEE

WHEREAS,  Victor A. Batinovich and Ann Alsop Batinovich, husband and wife as community property,
as Trustors,

CornerStone Title Company,
as the original Trustee, and

Thomas P. Tuttle and Catherine M. Tuttle, Trustees of The Tuttle 2000 Living Trust dated 11/22/00, as to an undivided 100% interest, as Beneficiaries, under that certain Deed of Trust dated  March 4, 2015  and Recorded on  March 11, 2015  as Instrument No. 22879324  of Official Records in the Office of the Recorder of  Santa Clara  County, California; the undersigned is the present Beneficiary under said Deed of Trust and desires to substitute a new Trustee under said Deed of Trust in place and stead of the original Trustee thereunder. THEREFORE, the undersigned Beneficiary hereby substitutes: The Foreclosure Company, Inc., as Trustee under said Deed of Trust, whose address is: 3001 So. Winchester Blvd., Suite A, Campbell, Ca. 95008 (408) 374-7204. Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

The Tuttle 2000 Living Trust dated 11/22/00

By: _____
Thomas P. Tuttle, Trustee

DATE: _July 14, 2017_

The Tuttle 2000 Living Trust dated 11/22/00

By: _____
Catherine M. Tuttle, Trustee

| A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document |
| --- |

STATE OF CALIFORNIA
County of __Santa Clara__

On _07/14/2017_  before me, __Anthony C. Andrade__
_a Notary Public_ personally appeared __THOMAS P. TUTTLE and CATHERINE M. TUTTLE__ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument to be the person(s), or the entity(ies) upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

ANTHONY C. ANDRADE
COMM. # 2176602
NOTARY PUBLIC-CALIFORNIA
SANTA CLARA COUNTY
My Comm. Exp. Jan. 19, 2021

# EXHIBIT H

# Affidavit of Mailing
## Substitution of Trustee 17-212

State of California
County of  Santa Clara

I declare, under penalty of perjury, that I am over the age of 18 years, my business address is 3001 South Winchester Blvd., Suite A, Campbell, California 95008 and I mailed a copy of this Substitution of Trustee as required by California Civil Code Section 2934a(b).

I declare, under penalty of perjury, that the foregoing is true and correct.

The Foreclosure Co., Inc., as Trustee

By: _____
    Christina Leigh, Foreclosure Officer

Date: _July 31, 2017_

Affidavit of Mailing
Substitution of Trustee 17-212

**\*\*This document was electronically submitted to Santa Clara County for recording\*\***

**23719752**

**Regina Alcomendras**
Santa Clara County - Clerk-Recorder
08/04/2017 12:01 PM

Titles: 1    Pages: 2
Fees: $28.00
Tax: $0
Total: $28.00

Recording Requested By:
Pacific Coast Title Co.
Order No.: 91207855

When Recorded, Mail To:

The Foreclosure Company, Inc.
3001 So. Winchester Blvd., Suite A
Campbell, California 95008

FC No.: 17-212

## NOTICE OF TRUSTEE'S SALE No. 17-212

NOTE TO BORROWER: THERE IS A SUMMARY OF THIS INFORMATION IN THE DOCUMENT ATTACHED

注：本文件包含一个信息摘要        참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED March 4, 2015. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

**On August 24, 2017 at 10:00 am**, at the gated North Market Street entrance of the Superior Courthouse, 191 N. First Street, San Jose, Ca. 95113, The Foreclosure Company, Inc., as the current Trustee, will sell at public auction to the highest bidder for cash (payable at the time of sale in lawful money of the United States) the following described property situated in the County of Santa Clara, State of California, described more fully within said Deed of Trust.

The street address and other common designation of the real property described above is purported to be:    3085 Paseo Vista Avenue, San Martin, Ca. 95046    APN: 825-29-039
The undersigned disclaims any liability for any incorrectness of the street address and other common designation shown here.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien you should understand that there are risks involved in bidding at a Trustee's Sale (auction). You will be bidding on a lien. Although you will receive title to the property, placing the highest bid at a Trustee auction DOES NOT automatically entitle you to free and clear ownership of the property. You should be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction you will be, or may be, responsible for paying off all liens senior to the lien being auctioned before you can receive clear title to the property. You are encouraged to investigate the existence, priority and amount of outstanding liens that may exist on this property by contacting the County Recorder's Office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources you should be aware that the same lender may hold more than one mortgage or Deed of Trust on the property.

# EXHIBIT I

NOTICE TO PROPERTY OWNER: The sale date shown on this Notice of Sale may be postponed one or more times, pursuant to California Civil Code Section 2924g. The law requires that information about Trustee Sale postponements be made available to you and the public, as a courtesy to those not present at the sale. If you would like to know whether your sale date has been postponed, and/or the rescheduled time and date for the sale of this property, you may call (408) 374-7204 or visit www.foreclosureco.com and check Trustee's Sale #17-212. Information about postponements that are short in duration or that occur close to the scheduled sale time may not immediately be reflected in the telephone information or online. The best way to verify postponement information is to attend the scheduled sale.

Said sale will be made without covenant or warranty, expressed or implied regarding title, possession or encumbrances to satisfy the obligations secured by and pursuant to the Power of Sale conferred in the Deed of Trust executed by
   Victor A. Batinovich and Ann Alsop Batinovich, husband and wife as community property,
                                                                                              as Trustors,
Recorded on March 11, 2015 as Instrument No. 22879324 in the Office of the County Recorder of Santa Clara County. At the time of the initial publication of this Notice, the amount due to satisfy the obligation secured by the subject Deed of Trust, estimated costs, expenses, fees and advances is $996,015.74. To verify the opening bid call (408) 374-7204, before the sale date.

The Foreclosure Company, Inc., as Trustee
3001 So. Winchester Blvd., Suite A
Campbell, California 95008

Pub. dates: 8/4, 8/11 & 8/17/2017

Date: August 3, 2017

By: _____
                    Christina Leigh, Foreclosure Officer

**This office is assisting the Beneficiary in collecting
a debt and any information obtained may be used
for that purpose whether received verbally or in writing.**

THIS AREA HAS INTENTIONALLY BEEN LEFT BLANK

LexisNexis/FIRSt
PO Box 11563
Milwaukee, WI 53211-0563

LexisNexis is not the Insurance Company.
Do not send premium payments to LexisNexis/FIRSt.

- For any and all policy changes you must contact the Insurance
Company, Carrier, or Producer listed in the detail below.
- For all cancellation, non-renewal, expiration, and lapse notices
- all coverage will cease at 12:01AM local time at the premises,
unless otherwise shown in the item detail provided.
- Premium Bill and Renewal Bill items require action on the part
of the Loss Payee/Mortgagee listed.
- If you want to receive future notifications electronically, email
firstsupport@lexisnexis.com.
- This insurance notice is sent to you as the Loss
Payee/Mortgagee/Additional Interested Party on behalf of the
carrier listed.

**IMPORTANT:**
**INSURANCE COVERAGE NOTIFICATION(S)**

1535047-10318028-2-M          09821   11   S1          25

THE TUTTLE 2000 LIVING TRUST
5302 GREENSIDE DR
SAN JOSE CA  95127-1614

---

**Total Property Notifications with this Document: 1**      November 02, 2017      Notifications may print on back of page and on subsequent pages.

Policy: **907446564**       REASON: Cancellation - Non-Pay Premium       Carrier: FIRE INSURANCE EXCHANGE
Insured: BATINOVICH VICTOR -3085 PASEO VISTA AVE-SAN MARTIN-CA-95046       Pol. Type: Homeowners
Mortgagee/Add.Party: THE TUTTLE 2000 LIVING TRUST -5302 GREENSIDE DR-SAN JOSE-CA-95127       Eff. Dte: 11/17/2017 12:01 AM ST
Insurance: FIRE INSURANCE EXCHANGE-4680 Wilshire Blvd-Los Angeles-CA-90010       Pol. From: 11/17/2017 Pol. To: 11/17/2017
Producer: JP BERNARD 408.358.3200       Total Policy Premium: 4,516.27
Prop. Loc: 3085 PASEO VISTA AVE-SAN MARTIN-CA 95046
Loan #: 9513

| Coverage | Coverage Amt/Deduct | Coverage | Coverage Amt/Deduct | |
|---|---|---|---|---|
| Dwelling | 1,487,000/1,000 | Replacement Cost Provision | 125% | This is not an Invoice/Bill |

FIRSt Id:  21660-I129-10318028-395597596

**EXHIBIT J**

**SHERI L KERR**
**DOUGLAS ALLEN YODER**
88 E SAN FERNANDO 1611
SAN JOSE, CA  95113

**151**
90-78/1211

11/23/17 DATE

PAY TO THE
ORDER OF  *Farmers Insurance*                    $ 4,466.59

*Four thousand four hundred sixty six and 59/100* DOLLARS

**BANK OF THE WEST** | *Cal*
BNP PARIBAS GROUP

FOR  *Batinovich 907446864*

⑆121100782⑆        ⑈ 00151

Harland Clarke

Front     Back

**EXHIBIT K**

|||'''|||||'||||'||||||'|||'|||'|||'|||||'|||||||||'|||'|||

**IMPORTANT: INSURANCE COVERAGE NOTIFICATION(S)**

LexisNexis is not the Insurance Company.
Do not send premium payments to LexisNexis/FIRSt.

-For any and all policy changes you must contact the Insurance Company, Carrier, or Producer listed in the detail below.
-For all cancellation, non-renewal, expiration, and lapse notices -all coverage will cease at 12:01AM local time at the premises, unless otherwise shown in the item detail provided.
-If you want to receive future notifications electronically, email firstsupport@lexisnexis.com.
-This Insurance notice is sent to you as the Loss Payee/Mortgagee/Additional Interested Party on behalf of the carrier listed.

---

**Policy:** 907446564    **REASON:** Reinstatement of Insurance                                    **Eff. Dte:** 11/22/2017
**Pol. Type:** Homeowners                                                        **Pol. From:** 11/17/2017 **Pol. To:** 11/22/2017
**Carrier:** FIRE INSURANCE EXCHANGE                                                                  **Loan #:** 9513
**Prop. Loc:** 3085 PASEO VISTA AVE-SAN MARTIN-CA 95046
**Insured:** BATINOVICH VICTOR -3085 PASEO VISTA AVE-SAN MARTIN-CA-95046
**Mortgagee/Add.Party:** THE TUTTLE 2000 LIVING TRUST -5302 GREENSIDE DR-SAN JOSE-CA-95127
**Insurance:** FIRE INSURANCE EXCHANGE-4680 Wilshire Blvd-Los Angeles-CA-90010
**Producer:** JP BERNARD 408.358.3200

| **Coverage** | **Coverage Amt/Deduct** | **Coverage** | **Coverage Amt/Deduct** |
|---|---|---|---|
| Dwelling | 1,487,000/1,000 | Replacement Cost Provision | 125% Total Policy Premium: 4516.27 |

FIRSt Id: 21660-I129-10318028-398637036

---

**Policy:** 907446564    **REASON:** Reinstatement of Insurance                                    **Eff. Dte:** 11/22/2017
**Pol. Type:** Homeowners                                                        **Pol. From:** 11/17/2017 **Pol. To:** 11/17/2018
**Carrier:** FIRE INSURANCE EXCHANGE                                                                  **Loan #:** 9513
**Prop. Loc:** 3085 PASEO VISTA AVE-SAN MARTIN-CA 95046
**Insured:** BATINOVICH VICTOR -3085 PASEO VISTA AVE-SAN MARTIN-CA-95046
**Mortgagee/Add.Party:** THE TUTTLE 2000 LIVING TRUST -5302 GREENSIDE DR-SAN JOSE-CA-95127
**Insurance:** FIRE INSURANCE EXCHANGE-4680 Wilshire Blvd-Los Angeles-CA-90010
**Producer:** JP BERNARD 408.358.3200                                                  **EXHIBIT L**

| **Coverage** | **Coverage Amt/Deduct** | **Coverage** | **Coverage Amt/Deduct** |
|---|---|---|---|
| Dwelling | 1,487,000/1,000 | Replacement Cost Provision | 125% Total Policy Premium: 4516.27 |

FIRSt Id: 21660-I129-10318028-398637037