

The following constitutes
the order of the court. Signed February 1, 2018

_____
Stephen L. Johnson
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ANN BATINOVICH,<br><br>　　　　　　　　Debtor(s). | Case No.: 18-50126 SLJ<br><br>Chapter 13<br><br>Date: January 30, 2018<br>Time: 10:30 a.m.<br>Ctrm: 3099 |

**ORDER GRANTING MOTION TO DISMISS CASE**

　　　Creditors Thomas and Catherine Tuttle's ("Creditors") Motion for Relief from Automatic Stay, for Adequate Protection, or in the alternative for Dismissal of Bankruptcy Case ("Motion") came on for hearing at the above-referenced date and time. Appearances were noted on the record. After hearing arguments from the parties, the court took the Motion under submission. For reasons set forth below, this case will be dismissed.

　　　Debtor and her spouse, Victor Batinovich ("Victor"), have filed a total of four bankruptcy cases in the past six months, all for the stated purpose of delaying foreclosure on their residence located at 3085 Paseo Vista, San Martin, California. Victor filed a chapter 13

ORDER DISMISSING CASE　　　　　　　　1

petition (Case No. 17-52027) on August 23, 2017, and the case was dismissed on September 21, 2017, for failure to file required documents. Approximately two weeks later, on October 5, 2017, Victor filed a chapter 11 petition (Case No. 17-52444), which was dismissed on January 11, 2018, pursuant to Victor's motion to dismiss. He elected to dismiss that case because he missed the deadline to extend the automatic stay under § 362(c)(3)(B).[1]

On November 8, 2017, shortly after the automatic stay expired in Victor's second case, Debtor filed her own chapter 13 petition (Case No. 17-52709). Debtor, who was represented by counsel, filed schedules showing that she had secured debts totaling $1,704.502.07. Creditors filed a motion for relief from the automatic stay or alternatively, a motion to dismiss the case because Debtor was over the secured debt limit under § 109(e). Debtor did not oppose the motion. At the hearing on the motion on January 10, 2018, Debtor's counsel admitted that Debtor was over the secured debt limit but requested that any order be stayed for 14 days so Debtor might find counsel to file a new chapter 11 case. As a result, the court dismissed the case at the hearing on January 10, 2018, but stayed the dismissal until January 19, 2018.

Instead of filing a chapter 11 case, on January 19, 2018, Debtor in pro per filed this skeletal chapter 13 case. In the Motion and at the hearing on the Motion, Creditors argued that there was no change in circumstances and Debtor continued to be over the secured debt limit for chapter 13. Debtor asserted that she had a hard-money lender willing to refinance, at least partially, the loans against her residence. She further contended that Wells Fargo's loan obligation was fraudulent and stemmed from a business dealing gone wrong.

On request of a party in interest, after notice and a hearing, the court may dismiss a chapter 13 case or convert it to chapter 7, whichever is in the best interests of creditors and the estate, for cause. 11 U.S.C. § 1307(c). If a debtor is not eligible for relief under chapter 13,

---

[1] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

ORDER DISMISSING CASE 2

Case: 18-50126    Doc# 18    Filed: 02/01/18    Entered: 02/01/18 16:31:42    Page 2 of 5

that is cause for dismissal under § 1307(c). 8 COLLIER ON BANKRUPTCY ¶ 1307.04 (Alan N. Resnick & Henry J. Sommer, 16th ed.).

Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Res judicata applies to a determination of a debtor's eligibility under § 109(e) in a prior bankruptcy case. *See In re Brooks*, 216 B.R. 838, 842-43 (Bankr. N.D.Okla. 1998).

All the elements for res judicata are satisfied here. In Debtor's previous chapter 13 case, which was filed approximately two months prior to the filing of this chapter 13 case, Debtor's Schedule D listed secured debts in the total amount of $1,704,502, all of which were shown to be owed by Debtor only and undisputed. *See In re Bohrer*, 266 B.R. 200, 201 (Bankr. N.D.Cal. 2001)(Statements in bankruptcy schedules are executed under penalty of perjury and may be treated as judicial admissions by the Debtor.).[2] Debtor's counsel conceded at the hearing on January 10, 2018, that Debtor was over the secured debt limit for chapter 13 of $1,184,200. 11 U.S.C. § 109(e). For this reason, the prior case was dismissed.

The parties to the motions to dismiss in the previous case and in this case are identical. The motions to dismiss in the previous case and in this case are based upon the same factual and legal basis. Debtor did not allege any change in circumstances in this case, and in fact, Debtor did not dispute Creditors' assertion in the Motion and at the hearing that she is over the debt limit in this case. Because res judicata applies, this case must be dismissed.

The court also finds that this case was filed in bad faith, which provides an independent cause to dismiss this case. *See In re Ellsworth*, 455 B.R. 904, 914 (B.A.P. 9th Cir. 2011)("Even though § 1307(c) does not explicitly mention it, the bad faith filing of a bankruptcy petition also may constitute 'cause' for dismissal."). In determining bad faith, the court looks to the totality of the circumstances and considers the following factors: (1)

---

[2] Debtor contended at the hearing that the Wells Fargo's deed of trust was fraudulent. The court observes that the Wells Fargo's secured debt was listed as "undisputed" in Debtor's Schedule D in the previous case as well as in Victor's second bankruptcy case.

ORDER DISMISSING CASE            3

whether the debtor misrepresented facts in his petition, unfairly manipulated the Bankruptcy Code, or otherwise filed her Chapter 13 petition in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present. *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999).

The filing of this case constitutes an abuse of the bankruptcy system. Debtor knew from her previous case that she is not eligible for chapter 13 relief. The court accepted her former counsel's representation that she would file a chapter 11 case to reorganize her debts and gave her a stay of the dismissal order so that a scheduled foreclosure by Creditors would not go forward. Instead of taking advantage of this time, Debtor filed another chapter 13 case for which she does not qualify. Although Debtor has filed only two cases, her spouse has filed an additional two cases, all in the past six months. None of the dockets in these cases demonstrate an effort to use the rehabilitation available under the Bankruptcy Code to reorganize.

Given that Debtor is not eligible as a chapter 13 debtor, the only purpose served by the filing of this case is to delay Creditor's foreclosure proceedings without the possibility of reorganization. This is an abuse of the bankruptcy process and makes this a bad faith filing.[3]

For the foregoing reasons,

IT IS HEREBY ORDERED that request to dismiss the case is GRANTED.

IT IS FURTHER ORDERED that this case is DISMISSED.

*** END OF ORDER ***

---

[3] Debtor requested more time to resolve the debts against her residence at the hearing. As Debtor's second bankruptcy case, the court notes that the automatic stay exists for only 30 days from the petition date. Any attempt by Debtor to extend the automatic stay requires Debtor to rebut the presumption of bad faith. *See* 11 U.S.C. § 362(c)(3).

ORDER DISMISSING CASE 4

| | |
|---|---|
| 1 | Court Service List |
| 2 | Ann Batinovich |
| 3 | 3085 Paseo Vista |
|   | San Martin, CA 95046 |
| 4 | |
| 5 | ECF NOTIFICATIONS |

Court Service List

Ann Batinovich
3085 Paseo Vista
San Martin, CA 95046

ECF NOTIFICATIONS

ORDER DISMISSING CASE    5